**NOT FOR PUBLICATION**

NOV 13 2023

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA STATE GRANGE, | No. 22-16169 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00777-WBS-DB |
| v. | |
| CAROLINA CASUALTY INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted October 5, 2023
San Francisco, California

Before: McKEOWN, TALLMAN, and LEE, Circuit Judges.

Plaintiff-Appellant California State Grange ("Grange") brought this action as judgment creditor of nonparty Chico Community Guilds ("Guilds") seeking to recover from Guilds' insurer Carolina Casualty Insurance Company ("Carolina Casualty"). The underlying judgment followed a lawsuit quieting title to real and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

personal property wrongfully converted by Guilds. Grange appeals the district court's grant of Carolina Casualty's motion to dismiss without leave to amend based on its conclusion that the underlying claims were not covered under the policy.

On January 16, 2020, Grange filed suit against Guilds in Butte County Superior Court over the assets of Chico Grange No. 486 in which Grange brought several causes of action including cancellation of deed and quiet title, slander of title, and conversion. On February 25, 2021, the state court entered a ruling granting summary judgment to Grange on all claims. The judgment awarded in relevant part: 1) the cancellation of the unauthorized deed recorded by Guilds in 2017; 2) $23,167.50 in attorney's fees related to the slander of title claim; 3) "damages for conversion" of bank accounts in the amount of $80,697.68 plus $9,307.87 in prejudgment interest; and 4) $1,945.49 in costs.

On May 9, 2022, Grange filed a complaint in the United States District Court for the Eastern District of California against Carolina Casualty, seeking a declaration that Carolina Casualty has a duty to indemnify Guilds under the policy to collect on the judgment for all monies awarded. The district court dismissed Grange's suit without leave to amend. The question before us is whether Carolina Casualty must pay the Butte County Judgment under the liability policy which provides coverage in connection with claims for "damages" arising from "wrongful acts." We affirm

in part and reverse in part.[1]

**1.** The district court did not err in dismissing Grange's claim for indemnification as to the conversion damages and prejudgment interest awarded by the Butte County Superior Court as restitution not covered under the policy. "In deciding whether a certain remedy is insurable, we must look beyond the labels of the asserted claims or remedies." *Pan Pac. Retail Properties, Inc. v. Gulf Ins. Co.*, 471 F.3d 961, 966 (9th Cir. 2006) (citations omitted). In the state court's ruling on summary judgment, the Butte County Superior Court noted that Grange was not seeking title to the other personal property items identified in the complaint, but rather, only sought the converted funds totaling at least $80,697.69 in Guilds' bank accounts, which in turn was the exact amount awarded. The Butte County Superior Court made no further finding as to the value of the converted property that would indicate that the amount awarded was anything other than an order to Guilds to disgorge the wrongfully converted funds.

The relevant insurance policy explicitly excepts disgorgement or restitution from the definition of damages covered under the policy. The district court granted Guilds' motion to dismiss in relevant part because it concluded that the conversion

---

[1] Grange also seeks judicial notice of five additional documents from the Butte County action. *See* Dkt. No. 16. Because our conclusion is made without reference to any of these additional documents, Grange's motion to take judicial notice is denied as moot.

3

damages and associated interest were restitution not covered under the policy, mislabeled as damages. Because the conversion damages and prejudgment interest awarded by the Butte County Superior Court was restitution not covered under the policy, the district court's dismissal as to that claim is AFFIRMED.

**2.** The district court reasoned that a claim for slander of title was not covered under the policy, and thus, the attorney's fees awarded pursuant to the slander of title claim in the Butte County Judgment was not covered under the policy, because slander of title "is not the unauthorized use of title." But the court failed to consider whether the attorney's fees awarded pursuant to the slander of title claim may have been covered under the policy where a wrongful act is defined as including any "error, misstatement, [or] misleading statement."

Slander of title involves the publication of a false statement. *Truck Ins. Exchange v. Bennett*, 61 Cal. Rptr. 2d 497, 503 (Cal. Ct. App. 1997) (the elements of slander of title are 1) a publication, 2) without privilege or justification, 3) falsity, and 4) direct pecuniary loss). "[I]nsurance policies are to be interpreted broadly so as to afford the greatest possible protection to the insured." *PMI Mortg. Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 394 F.3d 761, 765 (9th Cir. 2005), *opinion amended on denial of reh'g*, No. 03-15728, 2005 WL 553004 (9th Cir. Mar. 10, 2005); *see also AIU Ins. Co. v. Superior Ct.*, 799 P.2d 1253, 1264 (Cal. 1990) (stating that courts, when interpreting insurance policies, "generally resolve ambiguities in

favor of coverage"). Guided by these rules of interpretation, we think that a reasonable broad interpretation of "error, misstatement, [or] misleading statement" could include the like term "false statement," which is an essential element of a slander of title claim.

Furthermore, the district court failed to consider whether such coverage would implicate California Insurance Code § 533. Cal. Ins. Code § 533 ("An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others."). Carolina Casualty argues that under such an interpretation—if slander of title is a wrongful act because it includes a misleading statement—coverage is barred under California Insurance Code § 533 because such an action would be purposeful. A "willful act" has been interpreted to "connote[] something more blameworthy than the sort of misconduct involved in ordinary negligence, and something more than the mere intentional doing of an act constituting such negligence." *Davidson v. Welch*, 75 Cal. Rptr. 676, 684 (Cal. Ct. App. 1969).

Despite Carolina Casualty's contention to the contrary, a willful act does not include negligent misrepresentations within the meaning of section 533. *See Oakland-Alameda Cnty. Coliseum, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 480 F. Supp. 2d 1182, 1197–98 (N.D. Cal. 2007) (interpreting section 533). As such, if Guilds' act of publishing a false statement in recording the deed with the

Butte County Recorder's Office purporting to transfer title in the relevant real property from Grange to Guilds was merely negligent, the section 533 bar to coverage of claims resulting from "willful acts" would not be triggered. The Butte County Superior Court made no finding as to whether Guilds' actions were done with the requisite "willfulness." The applicability of section 533 is thus not readily apparent on the face of the record before us.

Because the district court failed to consider the available, alternative basis for coverage under the policy that may be vulnerable to the argument that coverage was barred by section 533, the district court should reconsider the interpretive question. We express no opinion on how the question should be resolved. Based on the district court's determination on the interpretive question, i.e., if coverage was indeed available for the slander of title claim, the district court may be required to make a finding as to whether Guilds acted with the intent that would not render coverage barred under California insurance law.

The district court's dismissal of Grange's claim for attorney's fees awarded pursuant to the slander of title claim is VACATED and REMANDED for reconsideration consistent with this disposition.

**3.** The state court awarded Grange $1,945.49 in costs, responsive to Grange's prayer "[f]or costs of suit . . . pursuant to all causes of action." The policy provides that Carolina Casualty "shall pay on behalf of" Guilds "all . . . Damages . . . arising

6

from any Claim . . . for any actual or alleged Wrongful Act." "Damages," in turn, is defined to mean "a monetary judgment [or] award" as well as "post-judgment interest." It follows that the Butte County Judgment award of $1,945.49 in costs to Grange would be covered under the policy if all or some of the "claims" pursuant to which the costs were awarded were covered under the policy. *See Nat'l Cas. Co. v. Coastal Dev. Servs. Found.*, 171 F. App'x 680, 683, 686 (9th Cir. 2006) (holding that costs of suit were covered under the insurance policy because of "'objectively reasonable expectations of the insured' . . . that all costs taxed against it would be treated as 'DAMAGES'" where that term was defined to "mean[] a monetary judgment, award or settlement arising from a covered CLAIM"). However, if none of the claims pursuant to which costs were awarded are covered under the policy, the inverse is true: costs awarded, in turn, would not be covered.

Because the district court's dismissal of Grange's claim for indemnification is vacated and remanded in relevant part so the district court may reconsider whether Grange's slander of title claim was covered under the policy, the district court's dismissal of Grange's claim for costs of suit awarded pursuant to all causes of action is VACATED and REMANDED for reconsideration consistent with the final disposition.

**4.** When justice requires, a district court should "freely give leave" to amend a complaint. Fed. R. Civ. P. 15(a)(2). In assessing whether leave to amend is proper,

7

courts may consider the futility of amendment which "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538–39 (9th Cir. 1989).

The complaint dismissed by the district court asserted an insurance coverage claim based on a state court judgment entered for Grange and against Guilds at the summary judgment stage. No additional *facts* could have been alleged by way of amendment to the complaint before the district court which would have resulted in a different outcome. Furthermore, when Grange requested leave to amend in the district court, it did not provide a proposed amended complaint but instead referred generally to the record in the state court action. This pattern follows in Grange's appellate briefing before us, as Grange did not offer direct facts, but rather made the vague assertion that "additional factual pleading about the Butte County action to address the supposed deficiencies identified by the district court" could be alleged. Because the issue for which the case is now being remanded was not considered by the district court, amending the complaint—especially in light of Grange's meritless argument(s) in favor of its motion to grant leave to amend—would not have resulted in a different outcome. Because it would be futile, the district court did not err by denying California State Grange leave to amend.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**